UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVE AESCHLIMAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEALER MARKETING SERVICES, INC., and Illinois Corporation, and | ) Case No. 14-cv-1448 |
| JOHN PALMER, | ) |
| Defendants. | ) |

# O P I N I O N  &  O R D E R

This matter is before the Court on the Defendants' Motion To Dismiss Or, Alternatively, To Change Venue (Doc. 5). The motion is fully briefed and ready for decision. For the reasons stated below, the motion is DENIED.

## FACTUAL BACKGROUND[1]

Plaintiff, Steve Aeschliman, is a resident of Morton, Illinois, which is located in Tazewell County and the Central District of Illinois. Plaintiff was employed by Defendant Dealer Marketing Services, Inc. ("DMS"), of which Defendant John Palmer is the owner and chief executive officer. DMS is an Illinois corporation doing some business in Illinois but having its principal place of business in Iowa. Palmer is a resident of Bettendorf, Scott County, Iowa. Plaintiff sued DMS and Palmer in Illinois state court alleging state law claims of breach of contract and violation of

---

[1] These facts are taken from the Complaint (Doc. 1-1) and are assumed to be true for the purpose of adjudicating the motion *sub judice*.

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, and a federal claim of violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.* Since an ERISA claim arises under federal law, Defendants removed the entire civil action from the Circuit Court of Tazewell County, Illinois to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction. Defendants now seek to dismiss the action for lack of venue or alternatively, change venue to the Southern District of Iowa, Davenport Division.

## DISCUSSION

### I. The Court Will Not Dismiss This Lawsuit For Lack Of Venue Under Section 1391.

Defendants argue that this suit should be dismissed for lack of venue under 28 U.S.C. § 1391. While that statute governs venue generally, it is not applicable here because this action was removed by the Defendants to this Court by application of 28 U.S.C. § 1441. Courts in this judicial circuit apply the latter statute when analyzing the venue of removed actions. *See, e.g.*, *Industrias Kirkwood S.A. de C.V. v. Andrew Corp.*, No. 06-3242, 2007 WL 925511, at *2 (C.D. Ill. Mar. 23, 2007); *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 945 (N.D. Ill. 2002); *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*. § 3804 (4th ed. 2014).

Venue is proper for a removed action if it is removed to the district court and its division in which the state action was pending. 28 U.S.C. § 1441(a); *Andrew Corp.*, 2007 WL 925511 at *2 (citing *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998)). Here, the original state action was brought in the Circuit Court of Tazewell County, which sits in the territorial jurisdiction of the

2

Peoria Division of the Central District of Illinois. The action has been properly removed to the United States District Court of the Central District of Illinois, Peoria Division. Therefore, venue is proper and the action shall not be dismissed.

## II. 28 U.S.C. § 1406 Does Not Apply To This Action.

Title 28, Section 1406 of the United States Code allows a district court to dismiss or transfer an action that has been filed in the <u>wrong</u> division or district. As explained above, this action was properly removed to this Court in conjunction with 28 U.S.C. 1441(a), which allows the removal of claims over which a district court could have exercised original jurisdiction to "the district court of the United States for the district and division embracing the place where such state action is pending." This action was properly removed to this Court in the Central District of Illinois, Peoria Division, from the Circuit Court of Illinois in Tazewell County. Venue is proper and § 1406 has no application to this action. The motion to dismiss and/or transfer venue under 28 U.S.C. § 1406 is denied.

## III. Defendants Have Not Shown That Transfer Of Venue Under 28 U.S.C. § 1404 Is Appropriate.

The Seventh Circuit has explained that the purpose of "the federal change of venue statute, codified at 28 U.S.C. § 1404," is "to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Section 1404(a) allows a court to transfer an action either to another district court or division to which the parties consent or to a

district court or division in which the plaintiff could have originally brought the action.

In this case, venue is proper in this Court and venue would be proper in the proposed transferee court. Plaintiff could have originally filed this action in the Davenport Division of the Southern District of Iowa. The action contains a federal claim and state law claims that are subject to a federal district court's original jurisdiction. *See* 28 U.S.C. §§ 1331 and 1367. Both defendants are residents of Scott County, Iowa, which sits in the Davenport Division of the Southern District of Iowa. *See* 28 U.S.C. § 1391. Thus, while venue is proper in this Court under 28 U.S.C. § 1441 as explained above, venue would have been proper under 28 U.S.C. § 1391 in the Davenport Division of the Southern District of Iowa had Plaintiff filed the original action there. Therefore, the first required element for a transfer of venue under § 1404(a) is present.

However, a transfer of venue must also be done in the interests of justice and to enhance the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). The party seeking the transfer of venue bears the burden of demonstrating that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). When determining whether to allow a transfer in venue, this Court generally considers the following factors: (a) the plaintiff's choice of forum; (b) the situs of events giving rise to the suit; (c) ease of access to evidence; (d) convenience of the parties and (e) convenience of the witnesses. *See Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). Among these factors, the

plaintiff's choice of forum is accorded substantial weight if it is also the plaintiff's home forum. *Id*.

Defendants claim that the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer to the Southern District of Iowa, Davenport Division. Defendant Palmer declares that the Defendants are residents of Scott County, Iowa which sits in the territorial jurisdiction of the Davenport Division of the Southern District of Iowa. They contend that the formation and execution of the contract between DMS and Plaintiff occurred in Iowa; Plaintiff's salary and commissions were processed in Iowa; all DMS employees who are possible witnesses either are "located" in Iowa or work in DMS's Iowa office; the investigation leading to Plaintiff's termination occurred in Iowa; and finally, DMS does relatively little business in Illinois. (Docs. 5 and 5-1).

Plaintiff responds that he lives in Morton, Illinois, which is in the Peoria Division of the Central District of Illinois. He testifies via affidavit that he worked exclusively out of his home for DMS since 2011 unless he was travelling for work to places such as Nevada or Chicago, Illinois. DMS made payments to Plaintiff pursuant to an employment contract by sending such payments to Plaintiff's bank located in Peoria, Illinois. Plaintiff states the negotiations over his contract took place over the phone and through email. He also states that DMS has a programming office and data collection center in Geneseo, Illinois, which is in the Central District of Illinois, and that DMS' chief technology officer, Darian Miller, also lives and works in Geneseo, Illinois. Defendants actually listed Miller as a

5

possible witness (Doc. 5-1 at 2), but Defendants claim he works out of the DMS's Iowa office.

Consideration of the relevant factors leads the Court to conclude that Defendants have not sufficiently demonstrated that transfer to the Davenport Division of the Southern District of Iowa is in the interests of justice or would enhance the convenience of all the parties and the witnesses.

First, the convenience of the Defendants does not trump the convenience of the Plaintiff. This Court is the Plaintiff's chosen home forum. Plaintiff chose to file suit in Tazewell County, where he resides. Tazewell County is within this Court's territorial jurisdiction. Thus, this Court is deemed to be the Plaintiff's chosen home forum despite the fact that the action was not filed here originally but rather removed here by the Defendants. Moreover, while John Palmer is a resident of Scott County, Iowa, Defendants have not provided any reason why his convenience should outweigh the convenience of the Plaintiff. Lastly, there is no question that DMS is a corporation organized under the laws of Illinois. (See Doc. 6-3 at 2). As it is an Illinois corporation, DMS is deemed a citizen of Illinois under 28 U.S. C. § 1441. A citizen corporation of Illinois cannot be heard to be inconvenienced to face suit in Illinois, whose laws and secretary of state allow it to exist and conduct business.

Second, neither party has presented the Court with sufficient information to decide where the pertinent potential evidence is located, let alone that it is more easily accessed in Iowa. DMS has its principal place of business in Davenport, Iowa, but it maintains a data management center in Geneseo, Illinois. Defendant Palmer states in his declaration that the investigation that led to Plaintiff's termination

occurred in Iowa but he did not comment on where the documents or other evidence detailing such investigation are actually located. Presumably, whatever evidence Plaintiff possesses is with him in Morton, Illinois. Similarly, whatever evidence Palmer possesses is presumably with him in Iowa.

This case involves claims of a breach of contract and violations of ERISA and the Illinois Wage Payment and Collection Act. Defendants have not provided the Court with any reason to conclude that the potential evidence pertinent to the causes of action in this case will differ from the standard documentary and testimonial evidence usually presented in such cases. Current technology is sophisticated enough that there are several methods of efficiently and securely sharing documentary evidence. In sum, the Defendants, who bear the burden of persuasion here, have not provided any basis for the Court to conclude where the evidence is located or why the evidence could not be efficiently transported to this geographic location if it is in fact not located in this judicial district already.

Third, as to the witnesses, Defendants claim all of its witnesses, including Plaintiff's primary contacts at DMS, are either located in Davenport, Iowa or work there. Defendants have listed Darian Miller as one of those contacts. Plaintiff has presented evidence that Darian Miller actually resides and works in the Central District of Illinois. The Court further notes that Defendants do not assert that any of their potential witnesses <u>reside</u> in Davenport, Iowa, but rather are merely "located" or work there. Plaintiff has not indicated where any potential witnesses reside other than Miller. The Court concludes that the Defendants have not provided a sufficient basis for the Court to find that the potential witnesses would

7

be any more inconvenienced having to testify at trial or depositions in Peoria rather than in Davenport.

Fourth, the Court will consider the location of the events giving rise to the suit. Again, Plaintiff is suing for a breach of an employment contract, a failure to be paid wages under Illinois law, and a wrongful withholding of health insurance benefits required by the ERISA plans to which DMS is a participant. This Court agrees with the general premise that the situs of material events in a breach of contract claim should be considered the location where 'the business decisions causing the breach occurred." *Rosman Adjustment Corp. v. Bernay*, No. 12 C 8239, 2013 WL 453197, at *2 (N.D. Ill. Feb. 6, 2013) (internal citations and quotation marks omitted). Where a contract was negotiated and executed are also important considerations when determining the situs of material events for a breach of contract claim, *id.*, but those considerations should be given more significance when the dispute before the Court purports to deal with issues of contract formation and execution. Here, it seems that the business decision to breach the employment contract was made and continues to be affirmed in Davenport, Iowa,[2] where DMS' principal office is located and where the investigation that led to Plaintiff's termination occurred. This weighs in favor of the proposed transfer.

However, the contract at issue here itself states it is to be governed by Illinois law. That the contract purports to be governed by Illinois law supports the conclusion that the matter should be decided by an Illinois court. The Court

---

[2] The Court interprets the complaint to plead the breach of contract involved the decision not to pay money due to Plaintiff, not the decision to terminate him. Thus, the purported breach is ongoing.

concludes the breach of contract claim provides no clear reason supporting transfer to Iowa.

Obviously, the failure to a pay an Illinois citizen proper wages due under Illinois law presupposes that Illinois is the forum with the greatest interest in the adjudication of the claim. The Court also concludes that the prime issue for this wage claim is whether the Illinois resident received the wages alleged to be due to him. Here, the Plaintiff alleges that he would receive his wage payments from DMS through his account at his bank located in Peoria, Illinois. The Court finds that where DMS processed Plaintiff's payments is not pertinent to the instant analysis because DMS allegedly decided to not pay Plaintiff and continues to adhere to that decision, and thus no payment has been processed for Plaintiff. Therefore, the Illinois wage claim weighs in favor of keeping the action in Illinois.

Lastly, the Plaintiff's ERISA claim is that DMS failed to notify its plan administrator that Plaintiff was terminated, thus depriving him of COBRA benefits under ERISA, which are available to employees after certain employment separation events such as termination. Much like the breach of contract claim, where the decision to withhold the COBRA benefits from Plaintiff is the location of the material events for this claim. The parties have not given the Court any information to definitively conclude where that decision was made. Nor is there any evidence of where Lori Ward, DMS' plan administrator alleged to be the individual responsible for administering DMS' ERISA plan obligations, works or resides. Despite her mention in the complaint, Ms. Ward has not been specifically identified as a potential witness in any submission to the Court in regard to the motion *sub*

*judice.* Presumably, Ms. Ward is a one of the DMS employees that Palmer referred to generally in his declaration who "can testify to the nature of Plaintiff's employment relationship with" DMS that is located or works in Davenport, Iowa. (Doc. 5-1 at 2). Thus, the Court will conclude the ERISA claim weighs in favor of transferring the matter to Iowa.

Given all the above, the Court finds that more significant relevant factors weigh in favor of keeping this action here in Peoria, Illinois. Most importantly, this Court is the Plaintiff's chosen home forum. There is no indication the potential witnesses that have been identified to the Court so far would be anymore inconvenienced attending proceedings here than in Davenport. There has been no evidence presented that the potential witnesses <u>reside</u> in the Davenport, Iowa area while there has been evidence presented that at least one of the potential witnesses, Darian Miller, both resides and works in Illinois. Similarly, there has been no clear showing of where the relevant potential documentary evidence in this matter is located.

Also, DMS is an Illinois corporation that simply cannot be deemed to be inconvenienced to face suit in Illinois. Finally, Defendant Palmer's inconvenience in travelling here from Iowa does not trump Plaintiff's inconvenience in travelling to Iowa from Illinois. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ( explaining that shifting inconvenience from one party to another is not a valid reason to grant a transfer of venue).

## CONCLUSION

In conclusion, the Court finds that the Defendants have not carried their burden of persuading the Court that the interests of justice and the convenience of the parities and witnesses would be best served by transferring this matter to the Southern District of Iowa. For the foregoing reasons, Defendants' Motion To Dismiss Or, Alternatively, To Change Venue (Doc. 5) is DENIED. IT IS SO ORDERED.

Entered this <u>16th</u> day of January, 2015.

                                                  s/ Joe B. McDade
                                                 JOE BILLY McDADE
                                    United States Senior District Judge