# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| STEVE AESCHLIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEALER MARKETING SERVICES, | ) | Case No.   14-cv-1448 |
| INC., and Illinois Corporation, and | ) | |
| | ) | |
| JOHN PALMER, | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on the Defendants' Partial Motion To Dismiss For Failure To State A Claim Or Alternatively To Strike (Doc. 8). The motion is fully briefed and ready for decision. For the reasons stated below, the motion is GRANTED.

### FACTUAL BACKGROUND[1]

Plaintiff Steve Aeschliman was employed by Defendant Dealer Marketing Services, Inc. ("DMS"), of which Defendant John Palmer is the owner and chief executive officer. Plaintiff sued DMS and Palmer in Illinois state court alleging state law claims of breach of contract and violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 *et. seq.*, and a federal claim of violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[1] These facts are taken from the First Amended Complaint (Doc. 18) and are assumed to be true for the purpose of adjudicating the motion *sub judice*.

U.S.C. § 1001 *et. seq*. Since an ERISA claim arises under federal law, Defendants removed the entire civil action from the Circuit Court of Tazewell County, Illinois to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction. On April 4, 2015 Plaintiff was given leave to file an amended complaint and did so two days later. Defendants now seek to dismiss portions of Counts III and IV of the First Amended Complaint that allege violations of the Illinois Wage Payment and Collection Act, or alternatively, to strike certain paragraphs. Although the motion to dismiss *sub judice* was filed before the First Amended Complaint was filed, the nature of the motion was still relevant such that the Magistrate Judge allowed Defendants to revive their motion to dismiss as it applies to Counts III and IV of the First Amended Complaint.[2] (Doc. 16).

## LEGAL STANDARDS

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665

---

[2] Local Rule 7.1(E) allows for a defendant to revive a motion attacking an original pleading within 14 days of the filing of an amended pleading.

F.3d 930, 934–35 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (internal quotation marks omitted).

## DISCUSSION

As an initial matter, Plaintiff contends that the Court should deny the motion outright because it is allegedly untimely. The instant motion purports to be made under Federal Rule of Civil Procedure 12(b)(6) in so far as it requests the Court to dismiss portions of Counts III and IV and Rule 12(f)(2) in the alternative, in as much as it asks the Court to strike certain material from the First Amended Complaint (Doc. 18). A motion asserting a defense under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Plaintiff points out that Defendants have already brought a Rule 12(b) motion and should therefore be barred from bringing another under Rule 12(g), which provides a party that makes a motion under Rule 12 must not make another motion under it raising a defense or objection that was available to the party but omitted from its earlier motion except as provided in Rule 12(h)(2) or (3). Plaintiff's argument is not really based on the timeliness of the instant motion; it is based upon the motion being illegitimately successive under Rule 12(g). In any event, Plaintiff has ignored that the instant motion is a revived motion to dismiss and therefore is to be treated as a first 12(b) motion against the First Amended Complaint (Doc. 18) rather than a successive 12(b) motion against the original Complaint (*see* Doc. 1). Therefore, the Court will reach the motion's merits.

Counts III and IV of Plaintiff's First Amended Complaint allege Defendants violated the Illinois Wage Payment and Collection Act (the "Wage Act") by failing to

3

pay Plaintiff certain final compensation that he is owed. Plaintiff alleges he was employed under the terms of an agreement he attached to his First Amended Complaint (Doc. 18-1). The term of employment provided in the agreement began on January 1, 2014 and was due to expire on January 1, 2019. (Doc. 18-1 at 2). Plaintiff alleges he was terminated without cause in either September or October of 2014 and is due salary for every month for which he would have been paid under the agreement.

Section 2.1 of the agreement deals with compensation and provides that Plaintiff was to be paid a "Monthly Guaranteed Salary in the amount of Twelve Thousand Dollars ($12,400.00)" a month.[3] (Doc. 18-1 at 1). It goes on to state

> In the event Employee's employment with the Company is terminated during a calendar month, employee's Salary shall be prorated on the basis of the ratio that the number of days worked bears to the total number of working days (which shall be deemed to refer to the days of Monday through Friday, except legal holidays) in such month.

(Doc. 18-1 at 1). It should be noted that the above quoted provision applies to termination without regard to whether such termination is with or without cause. Section 3 of the agreement also purports to deal with termination and it provides that Plaintiff should expect payment of all Guaranteed Salary within sixty days of termination. Apparently, Plaintiff interprets the term "all Guaranteed Salary" that appears in section 3 of the agreement to mean his complete monthly salary throughout the <u>entire term</u> of his employment agreement. Defendants apparently interpret the term "all Guaranteed Salary" to mean only salary earned as of the

---

[3] The Court will assume the larger value, twelve thousand four hundred, is the correct amount since the agreement goes on to provide that such monthly payment would be made in two installments of six-thousand two hundred dollars per month.

4

date of termination. Therefore, the Defendants interpret the term "monthly guaranteed salary in the amount of $632,400" in the First Amended Complaint as a request for "unpaid future wages" that are not recoverable under the Wage Act under recent Illinois case precedent.

In the recent case of *Majmudar v. House of Spices (India), Inc.*, an Illinois appellate court explained that "[t]he purpose of the [Wage] Act is to provide employees with a cause of action for the timely and complete payment of <u>earned wages or final compensation</u>." 1 N.E.3d 1207, 1210 (Ill. App. Ct. 1st Dist. 2014) (emphasis added). The court recognized that under the Wage Act, terminated employees can seek "final compensation," which is defined as "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 Ill. Comp. Stat. § 115/2 (2015). The *Majmudar* court held that "unpaid future compensation for the remainder of a terminated contract where there is a question as to whether the employee was terminated for cause did not fall under the Wage Act's definition of 'final compensation.'" 1 N.E.3d at 1216. It further held the defendant could not have violated the Wage Act even though it did not pay the plaintiff unpaid future compensation for the remainder of the plaintiff's terminated contract. *Id*. The *Majmudar* court reasoned that:

> "[o]nce plaintiff's employment was terminated, so was the agreement, particularly because there was a question at the time of termination as to whether plaintiff was terminated for cause. Then, it necessarily follows that at the time of termination defendant owed plaintiff no further compensation pursuant to the contract as 'final compensation,'

5

because defendant was no longer receiving anything in exchange for that compensation and believed it had terminated plaintiff for cause."

*Id.* at 1211.

*Majmudar* forecloses Plaintiff's Wage Act claims as to unpaid future compensation under the agreement.[4] But Plaintiff contends *Majmudar* should not be applied here because that court focused on a finding that "there was no severance agreement or any equivalent right on the part of the plaintiff to recover the balance of his salary upon being terminated other than for cause." (Doc. 11 at 8). Plaintiff argues the Court should instead apply *Elsener v. Brown*, 996 N.E.2d 84 (Ill. App. Ct. 2nd Dist. 2013), because the *Elsener* court did not hold that unpaid future compensation was unattainable for a terminated employee under the Wage Act and, according to Plaintiff, *Elsener*'s facts are more analogous to the facts here.

Plaintiff is correct that the *Elsener* court did not hold that unpaid future compensation was unattainable for a terminated employee under the Wage Act, but the issue was never under consideration by the court. The *Elsener* defendant challenged the Wage Act's application to individual persons as opposed to entities and upon other grounds not relevant here. 996 N.E.2d at 98-104. The court failed to even comment on the question of whether a terminated employee could recover unpaid future compensation under the Wage Act.

---

[4] "[I]n the absence of prevailing authority from the state's highest court, federal courts ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002). The Court finds no indications that the Illinois Supreme Court would decide the issue any differently than the *Majmudar* court.

6

However, the *Elsener* court made two factual findings that are of particular relevance here because they were critical to the *Elsener* court's decision to uphold the defendant's liability (imposed after a bench trial) and they were identified by the *Majmudar* court as reasons to not apply *Elsener* to the facts in that case. 996 N.E.2d at 88;1 N.E.3d at 1208-09. First, the agreement at issue in *Elsener* had an explicit provision that entitled a terminated employee "to the remaining amount of his base salary [$85,000] through expiration of the Contract Term if he is terminated not for cause." 996 N.E.2d at 88. Second, the appellate court specifically mentioned that the defendant never disputed at trial that Elsener's termination was not for cause or that severance pay was owed. *Id.* at 92. Thus, Elsener could sue under the Wage Act to recover the sums there because his contract specifically provided that upon his termination he became entitled to his entire salary through the expiration of the employment contract. The contract at issue in *Majmudar* did not contain a similar provision.1 N.E.3d at 1208-09. The Court is of the opinion that the contract in this case also lacks a similar provision to the one in *Elsener* and therefore the facts of this case are more similar to the facts in *Majmudar*.

There is no provision in the employment agreement here that unambiguously entitles Plaintiff to his entire salary through the expiration of the employment contract upon his termination as there was in *Elsener*. The agreement provides that when an employee is terminated (for or without cause), the employee's "Salary" "shall be prorated on the basis of the ratio that the number of days worked bears to the total number of working days. . . in such month." (Doc. 18-1 at 1). The agreement also fails to define the term "Salary" on its own. However, this provision

7

appears in the same paragraph identifying the Plaintiff's "Monthly Guaranteed Salary" as twelve thousand four hundred dollars. The reasonable interpretation of this provision is that upon termination, the employee is entitled to the twelve thousand four hundred dollars multiplied by the ratio of days worked to work days left in the month. The section of the agreement stating an employee terminated <u>without cause</u> is to be paid "all Guaranteed Salary" within sixty days of termination (Doc. 18-1 at 3) should be taken to mean the salary guaranteed in section 2.1 (twelve thousand four hundred dollars multiplied by the ratio of days worked to work days left in the month) within sixty days of termination.

The Wage Act allows recovery of wages and salary earned and "any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." Elsener had a contract that unambiguously entitled him to a severance package consisting of "the remaining amount of his base salary [$85,000] through expiration of the Contract Term…." 996 N.E.2d at 88. Majmudar had no severance package in his contract. Similarly, Plaintiff has no severance package in his agreement with Defendants.

*Majmudar*'s rule is clear: future unearned compensation cannot be reached through use of the Wage Act. Only when the parties have unambiguously agreed to convert future unearned compensation into severance pay can a plaintiff seek to recover such compensation under the Wage Act. Based upon this Court's reading of the agreement, no such severance provision is present and therefore, *Majmudar* forecloses Plaintiff from using the Wage Act to recover the future unearned compensation he alleges he is owed.

## CONCLUSION

For the reasons stated above, Defendants' Partial Motion To Dismiss For Failure To State A Claim Or Alternatively To Strike (Doc. 8) is GRANTED. The portions of Counts III and IV of Plaintiff's First Amended Complaint seeking to recover "monthly guaranteed salary" for the "51 months" remaining on Plaintiff's contract at the time of his termination as "final compensation" under the Illinois Wage Payment and Compensation Act are dismissed under Federal Rule of Civil Procedure 12(b)(6).

This case is REFERRED back to Magistrate Judge Schanzle-Haskins for further pretrial proceedings.

IT IS SO ORDERED.


Entered this 29th day of May, 2015.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
