20963.0001.297845

E-FILED
Tuesday, 30 June, 2015 03:50:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE AESCHLIMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14 cv 1448 |
| ) | |
| DEALER MARKETING SERVICES, INC., ) | |
| an Illinois Corporation, and JOHN PALMER, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, STEVE AESCHLIMAN, (hereinafter "Aeschliman") by his attorneys, Kavanagh, Scully, Sudow, White & Frederick, P.C., and hereby complains of Defendant, DEALER MARKETING SERVICES, INC., an Illinois Corporation, (hereinafter "DMS"), and in support thereof says as follows:

### COUNT I
### MONEY DAMAGES FOR BREACH OF CONTRACT AGAINST DMS

1. Plaintiff, Aeschliman, is a natural person who resides and works in Morton, Tazewell County, Illinois.

2. Defendant, DMS, is an Illinois Corporation transacting business and doing business in Tazewell County, Illinois.

3. The contract entered into by Plaintiff and Defendant, and the performance by Plaintiff of that contract, both occurred in Tazewell County, Illinois.

4. The present cause of action arises under the laws of the State of Illinois.

5. By reason of the above, this court has personal jurisdiction over the parties hereto, and subject matter jurisdiction of the cause of action, and venue is proper in this court.

6. On or about January 1, 2014, Plaintiff and Defendant entered into an employment agreement, a true and complete copy of which is attached hereto as Exhibit A.

7. Under said employment agreement, Plaintiff agreed to provide services to the Defendant by way of development and marketing of certain software programs and developing and marketing other software devices.

8. As part of the employment agreement, Defendant agreed to pay to Plaintiff the sum of $12,400.00 as a "monthly guaranteed salary," to be paid in two installments of $6,200.00 each on the 7th and the 22nd day of each month. See Exhibit A, paragraph 2.1.

9. As further consideration for Plaintiff's work under the employment agreement, Defendant agreed to pay to the Plaintiff a monthly commission in the amount of 7% of the month over month net profit increase on sales of a series of products listed in paragraph 2.2 of the employment agreement. See Exhibit A hereto.

10. The employment agreement stated that Plaintiff's employment with the Defendant shall begin on the 1st of January, 2014 and extend for a period of five years up to and including January 1, 2019 and will be renewed on January 1, 2019 for a period of two years unless either party gives notice to the other party. See Exhibit A, paragraph 3.1.

11. The parties' employment agreement further stated that if the Defendant terminates the Plaintiff without cause, the Defendant shall pay to the Plaintiff all unpaid guaranteed salary within 60 days of termination. See Exhibit A, paragraph 3.4.

12. Plaintiff carried out all his obligations under the employment agreement.

13. Defendant by its owner and Chief Executive Officer, John Palmer, terminated Plaintiff's employment effective immediately on September 18, 2014, without cause.

20963.0001.297845

14. Defendant paid to Plaintiff his payment of monthly guaranteed salary due on the 22nd of September in the amount of $6,200.00.

15. However, Defendant failed and refused to pay to Plaintiff his monthly commission for increased profits in August of 2014 (payable in September 2014) and has further failed and refused to pay to Plaintiff his monthly profits for the month of September 2014 following his termination, as required by paragraph 2.2 of the employment agreement.

16. Plaintiff believes that the monthly commission for the month of August 2014, payable in September 2014, is in the amount of $5,000.00 to $7,000.00. Plaintiff believes that the monthly commission for the month of September 2014 is also in the amount of $5,000.00 to $7,000.00.

17. Defendant, through its agents, have stated that they do not intend to pay to Plaintiff any further sums than those they have already paid, and specifically, that they do not intend to pay Plaintiff his monthly guaranteed salary as required by the parties' employment agreement.

18. On October 2, 2014, Plaintiff's attorneys received a letter from Matthew P. Pappas of Pappas, Davidson, O'Connor & Fildes, P.C., attorneys for Defendant, DMS, who informed Plaintiff's attorneys that Plaintiff was being terminated effective October 2, 2014 for cause pursuant to paragraph 3.3 of the parties' employment agreement.

19. Plaintiff believes that his employment with Defendant was terminated on September 18, 2014 as recited above, but he pleads, in the alternative, that Plaintiff was terminated without cause by Defendant on October 2, 2014.

20. If in fact the Plaintiff was terminated on October 2, 2014, said termination was without cause and was in violation of Plaintiff's rights as recited above.

20963.0001.297845

WHEREFORE the Plaintiff, STEVE AESCHLIMAN, prays that this court enter an Order in his favor and against the Defendant, DEALER MARKETING SERVICES, INC., for the following sums:

a. All monthly commissions which should have been paid in the months of August 2014 and September 2014;

b. The guaranteed monthly salary due and owing at the time of Plaintiff's firing in the amount of $12,400.00 a month for 51 months for a total of $632,400.00;

c. All other consideration due to Plaintiff under the parties' employment agreement;

d. Plaintiff's costs in filing and pursuing the present cause of action;

e. Plaintiff's attorney's fees as allowed by 705 ILCS 225/1; and

f. Such other and further relief as this court shall find fair and equitable.

## COUNT II
## BREACH OF CONTRACT – DECLARATORY JUDGMENT AGAINST DMS

1-20. Plaintiff repeats and realleges Paragraphs 1 through 20 of Count I as and for Paragraphs 1 through 20 of Count II.

21. Under 735 ILCS 5/2-701, Plaintiff has the right to a declaratory judgment finding and declaring the rights of the party in the parties' employment agreement attached as Exhibit A hereto.

WHEREFORE the Plaintiff, STEVE AESCHLIMAN, prays this court enter a declaratory judgment which grants the following relief:

a. Declares that Plaintiff has the right to his guaranteed monthly salary, for the 51 months following his termination and before the expiration of the employment agreement in the amount of $632,400.00;

20963.0001.297845

    b.    Declares that Plaintiff has the right to monthly commissions as provided in paragraph 2.2 of the employment agreement for the net profit increase earned for the months of August 2014 and September 2014;

    c.    Otherwise declares the rights of the parties under the employment agreement.

**COUNT III**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**AGAINST DMS**

1-20.    Plaintiff repeats and realleges Paragraphs 1 through 20 of Count I as and for Paragraphs 1 through 20 of Count III.

21.    At all relevant times there was in full force and effect in Illinois a statute entitled the Wage Payment and Collection Act, 820 ILCS 115/1 et seq. (hereinafter "The Act").

22.    The Act provided that where an employee's employment is terminated "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

23.    Defendant has violated the Act by failing and refusing to pay to Plaintiff the amounts due to Plaintiff under the parties' employment agreement, no later than the next regularly scheduled pay date for Plaintiff.

WHEREFORE the Plaintiff, STEVE AESCHLIMAN, prays that this court enter judgment in his favor and against Defendant, DEALER MARKETING SERVICES, INC., for all sums due under the Wage Payment and Collection Act, in an amount to be proven at trial, plus damages in the amount of 2% per month and attorney's fees and costs, as allowed by 820 ILCS 115/14(a).

20963.0001.297845

## COUNT IV
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AGAINST JOHN PALMER

1-23.    Plaintiff repeats and realleges Paragraphs 1 through 23 of Count III as and for Paragraph 1 through 23 of Count IV.

24.    The Act provides that "...any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions on this Act shall be deemed to be the employers of the employees of the corporation."

25.    Defendant, JOHN PALMER, a natural person, is the sole owner and Chief Executive Officer of the Defendant, DMS, is the individual who personally fired Plaintiff, STEVE AESCHLIMAN, and has personally stated that he has no intention of permitting Defendant, DMS, to live up to its obligations to Plaintiff under the parties' employment agreement.

26.    By reason of the above, Defendant, JOHN PALMER, is equally liable with Defendant, DMS, under the Act.

WHEREFORE the Plaintiff, STEVE AESCHLIMAN, prays that this court enter judgment in his favor and against the Defendant, JOHN PALMER, for all sums due under the Wage Payment and Collection Act in an amount to be proven at trial, plus damages in the amount of 2% per month and attorney's fees and costs as allowed by 820 ILCS 115/14(a).

## COUNT V – FOR RELIEF UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT AGAINST DMS

1-20.    Plaintiff repeats and realleges Paragraphs 1 through 20 of Count I as and for Paragraph 1 through 20 of Count V.

21.    As part of his employment with the Defendant, DMS, Plaintiff participated in benefits regulated by the Employee Retirement Income Security Act. 29 U.S.C. §1001 et seq.

20963.0001.297845

22. Among the benefits in which Plaintiff participated are group health insurance and a pension plan.

23. The sponsor of the Defendant's, DMS, ERISA plans is Defendant, DMS.

24. Lori Ward is the director of human resources for the Defendant, DMS, and an agent of Defendant, DMS, and, on information and belief, is the DMS health plan administrator.

25. Plaintiff is a participant in the Defendant's, DMS, ERISA plans, within the meaning of 29 U.S.C. §1002, 1132.

26. Pursuant to 29 U.S.C. §1161-1169, Plaintiff had the right to COBRA health insurance benefits beginning at the time of his termination.

27. Contrary to their obligations under ERISA, Defendant, DMS, did not notify the plan administrator, Lori Ward, that Plaintiff had been terminated and that Plaintiff had the right to COBRA benefits, and Lori Ward, as plan administrator and agent of Defendant, DMS, has failed and refused to provide to Plaintiff the information and benefits required under COBRA, although Plaintiff has demanded that information and those benefits.

28. Furthermore, Defendant, DMS, has failed and refused to provide Plaintiff with information and benefits concerning his pension program which he maintained with the Defendant, DMS.

29. The Plaintiff is a proper person to bring a civil enforcement action for benefits due to him under the plan, to enforce his rights under the plan, and to clarify his rights to future benefits under the plan. 29 U.S.C. §1132(a)(1)(B).

30. Pursuant to 29 U.S.C. §1132(e)(1), this court has subject matter jurisdiction over the present cause of action.

20963.0001.297845

WHEREFORE the Plaintiff, STEVE AESCHLIMAN, prays that this court enter an Order in his favor and against the Defendant, DMS, for all benefits, rights and information due under ERISA including COBRA and other group health benefits, his pension benefits, and any other benefits regulated by ERISA, including future benefits, for money damages, and for such other relief as it deems proper as allowed by 29 U.S.C. §1132.

Plaintiff further prays that this court award him his reasonable attorney's fees and costs in pursuing the present action as allowed by 29 U.S.C. §1132(g)(1).

## COUNT VI
## BREACH OF CONTRACT AGAINST DEFENDANT DEALER MARKETING SERVICES INC.

1. Plaintiff, Steve Aeschliman (hereinafter "Aechliman"), is a natural person who resides and works in Morton, Tazewell County, Illinois.

2. Defendant, Dealer Marketing Services Inc. (hereinafter "DMS"), is an Illinois Corporation transacting business and doing business in Tazewell County, Illinois.

3. Defendant, DMS, is engaged in interstate commerce.

4. The contract entered into by Plaintiff and Defendant, and the performance by Plaintiff of that contract, both occurred in Tazewell County, Illinois.

5. Count VI, the present cause of action, arises under the laws of the State of Illinois.

6. This court has supplemental jurisdiction over the present cause of action pursuant to 28 USC §1367.

7. On or about February 5, 2012, Plaintiff, Aeschliman, and Defendant, DMS, entered into an agreement entitled Termination Agreement & Waiver, a true and complete copy of which is attached here to as Exhibit B. By that agreement and waiver, Plaintiff gave up rights to certain payments that he had a right to from Defendant, DMS, for services rendered.

20963.0001.297845

8. Also on February 5, 2012, Plaintiff, Aeshliman, and Defendant, DMS, entered into a Consulting Agreement, a true and complete copy which is attached here to as Exhibit C.

9. By the Consulting Agreement, Plaintiff agreed to provide certain services to Defendant, as a consultant, to design, implement and bill end users for Risk Based Pricing (RBP) transactions.

10. Also pursuant to the Consulting Agreement, Defendant, DMS, agreed pay to Plaintiff the following sums:

   a. $2,500 per month as a fixed monthly fee; and

   b. A commission in the amount of $.019 for each unit sold and delivered by DMS to all dealerships on a monthly basis using our compliance solution.

11. The parties' Consulting Agreement provided that the payments required from Defendant, DMS, were to be made to Plaintiff by charges to an AMEX PLUM CARD and paid to Plaintiff's South Side Bank account through Intuit GO-Payment system. Exhibit C at 3.

12. Plaintiff, Aeschliman, performed all of his obligations under the Consulting Agreement.

13. Defendant, DMS, breached its obligations under the Consulting Agreement by failing to pay to Plaintiff the full amounts due under the Consulting Agreement, specifically by failing to pay the commissions as described in paragraph 10 above.

14. Subsequent to the filing of the present suit, beginning in approximately January, 2015, Defendant, DMS, further breached the parties' Consulting Agreement by attempting to recover amounts previously paid to Plaintiff, by filing falsely disputed charges with American

9

20963.0001.297845

Express, which in turn billed Plaintiff's South Side bank account and removed funds from Plaintiff's South Side Bank account in the amount of $60,482.00.

15. The falsely disputed charges as recited in paragraph 14 above were untimely in that they were not disputed within 30 days of the billing, as required by the Consulting Agreement at 3.

16. By reason of the above, Plaintiff has suffered the following damages:

   a. Unpaid commissions for the sale of 625,000 units per month at a rate of $.019 per unit, for 22 months, for a total of $261,250.00.

   b. Amounts charged to Plaintiff's South Side Bank account by American Express pursuant to Defendant's false claim of disputed charges in the amount of $60,482.00.

Wherefore the Plaintiff prays this court enter judgment in his favor and against Defendant, DMS, for damages in the amount of $321,732.00, or such other amount as shall be proven at trial, with prejudgment interest at the rate of 5% per annum and that Plaintiff recover his costs.

## COUNT VII
## AGAINST DEFENDANT JOHN PALMER FOR RICO VIOLATION

1-16 Plaintiff repeats and re-alleges paragraphs 1-16 of Count VI as and for paragraph 1-16 of Count VII.

17. The present Count arises under the statues of the United States, and thus this court has jurisdiction under 29 USC §1331 and 18 USC §1964(a).

18. At all relevant times, there was in full force and effect a statue entitled the Racketeer Influence and Corrupt Organizations (RICO) Act, 18 USC §§1961-1968.

19. Defendant, John Palmer (hereinafter "Palmer"), is a "Person" within the meaning of RICO, 18 USC §1961(3).

20963.0001.297845

20. Defendant, DMS, is an "Enterprise" engaged in interstate commerce within the meaning of RICO, 18 USC §1961(4).

21. Defendant, Palmer, conducted the affairs and participated in the affairs of DMS through a pattern of racketeering activity as described below.

22. Defendant, Palmer, through DMS, committed at least two predicate acts of racketeering activity by submitting to American Express numerous claims of disputed charges, where Defendant, Palmer, falsely claimed that the Plaintiff had not earned the fees underlying the charges, that the charges were improper, that the charges were unauthorized, and that the fees underlying the charges were paid to plaintiff pursuant to a fraud committed by the plaintiff. Said statements by Defendant, Palmer, were false and were known by Defendant Palmer to be false.

23. Defendant Palmer intended American Express to rely upon the misrepresentations recited in paragraph 22 above.

24. Defendant, Palmer, caused the United States mails to be used to commit the false claims referred to above, in violation of 18 USC §1341.

25. Defendant Palmer caused the wires to be used to commit the false claims referred to above, in violation of 18 USC §1343.

26. By reason of the above, Defendant, Palmer, violated 18 U.S.C. §1962.

27. As a result of Defendant, Palmer's actions as recited above, the Plaintiff suffered damages when American Express charged his South Side Bank account for the falsely disputed charges referred to above, in the amount of $60,482.00.

Wherefore, Plaintiff prays that this court enter judgment in his favor and against Defendant John Palmer in the amount of $60,482.00, or in such other amount as shall be proven

20963.0001.297845

at trial, that Plaintiff recover triple damages as allowed by 18 USC §1964(c), and that Plaintiff recover reasonable attorney's fees and costs under 18 USC §1964(c).

# COUNT VIII
## DEFAMATION PER SE AGAINST DEFENDANT JOHN PALMER

1.  Plaintiff, Steve Aeschliman (hereinafter "Aeschliman"), is a natural person who resides and works in Morton, Tazewell County, Illinois.

2.  Defendant, John Palmer (hereinafter "Palmer"), is a natural person who resides and works in Chicago, Cook County, Illinois.

3   The present of action arises under the laws of the state of Illinois.

4.  This Court has supplemental jurisdiction over the present cause of action pursuant to 28 USC §1367.

5.  Plaintiff, Aeschliman, was formerly a paid consultant for at least four years for Dealer Marketing Services Inc. (hereinafter "DMS"), a corporation which is owned and controlled by Defendant, Palmer. See Exhibits B and C to the present Complaint.

6.  Plaintiff, Aeschliman, was formerly an employee of DMS. See Exhibit A hereto the present Complaint.

7.  Plaintiff's business and occupation is to develop credit and compliance tools for the auto industry for purchasing and reselling of credit reports, and to insure compliance of the parties with all state and federal law concerning such activities.

8.  On or about February 5, 2015, Defendant, Palmer, made the following statements about Plaintiff at an industry convention, which were heard by other individuals:

    a.  That Plaintiff stole from Defendant, Palmer or DMS.
    b.  That Plaintiff was a felon.

20963.0001.297845

    c.    That the news of Plaintiff's misconduct was going to be all over the news and that Plaintiff was going down as a result.

    d.    That Plaintiff would never work in the industry again after Palmer was done with him.

    e.    That Plaintiff was a terrible employee and had hurt the business being carried out by Defendant, Palmer and DMS.

    f.    That the Federal Bureau of Investigation would arrest him and that Plaintiff would be in jail for 20 years.

9. On other occasions, Defendant, Palmer, made the same statements as are contained in paragraph 8 above.

10. The statements recited in paragraphs 8-9 above were false and were known to be false by Defendant, Palmer.

11. The statements recited in paragraphs 8-9 above falsely charged Plaintiff with commission of a crime.

12. The statements recited in paragraphs 8-9 above injured Plaintiff in his profession, trade, occupation, and business.

13. As a result of Defendant, Palmer's, defamatory statements, as recited above, Plaintiff suffered general damages, recoverable in an action for defamation per se, and also suffered damages in the form of lost reputation, mental distress, and pecuniary loss in the form of lost income, lost business, lost employment opportunities, and otherwise.

Wherefore, Plaintiff prays that this Court enter an award in his favor and against Defendant, Palmer, in the amount corresponding to damages to be proven at trial, that Plaintiff recover punitive damages, and that the Plaintiff recover his costs.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE (12) PERSONS ON ALL COUNTS AND ISSUES TRIABLE TO A JURY

20963.0001.297845

        Respectfully Submitted,

        STEVE AESCHLIMAN, Plaintiff

        By: s/James W. Springer
        James W. Springer Bar Number: 6192903
        Attorney for Plaintiff
        Kavanagh, Scully, Sudow, White & Frederick, P.C.
        301 SW Adams St. #700
        Peoria, IL 61602
        Telephone: (309) 676-1381
        Fax: (309) 676-0324
        E-mail: jamesspringer@ksswf.com

20963.0001.297845

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Matthew P. Pappas
Jeffrey D. Wright
PAPPAS DAVIDSON O'CONNOR & FILDES, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone: (309) 788-7110
Fax: (309) 788-2773
Email: mpappas@pdoflegal.com
Email: jwright@pdoflegal.com

                              Respectfully Submitted,

                              STEVE AESCHLIMAN, Plaintiff

                              By:  <u>s/James W. Springer</u>
                              James W. Springer Bar Number: 6192903
                              Attorney for Plaintiff
                              Kavanagh, Scully, Sudow,
                              White & Frederick, PC
                              301 SW Adams St., Suite 700
                              Peoria, IL 61602
                              Telephone:  (309) 676-1381
                              Fax:  (309) 676-0324
                              E-mail:  jamesspringer@ksswf.com